JOHN A. HOLMES v. THE MALCOLM McDONALD LUMBER
COMPANY ET AL.

*Equity jurisdiction—Trust funds—Accounting.*

Complainant's bill is held to make a case in which the equities
between the parties cannot be properly settled in a court of
law, defendant Seymour having the right to have the owner-
ship of the fund ascertained before he is compelled to pay it
over.

Appeal from Manistee. (Judkins, J.) Argued April
14, 1893. Decided June 1, 1893.

Bill for an accounting. Defendant company appeals.
Decree overruling demurrer affirmed. The facts are stated
in the opinion.

*E. E. Benedict,* for complainant.

*Fletcher & Wanty,* for appellant.

LONG, J. The bill in this cause alleges substantially
that on March 15, 1889, Herbert A. Tiffany, Richard A.
Seymour, and Norman R. Smith contracted to sell certain
lands situate in Michigan to J. E. Potts. Mr. Potts gave
his four promissory notes of $9,166.66 each, payable to the
parties jointly. Seymour held the notes as trustee for the
benefit of the payees. The lands were subsequently con-
veyed to Potts. Tiffany held a three-eighths interest in them,
but the rights of all the parties were subject to the claim
of E. N. Salling, which was paid out of the proceeds of
the notes in August, 1890, amounting to $18,087.27.

It is alleged that Tiffany's interest in the notes, after the
payment of the Salling claim, amounted to upwards of
$7,000, and that on June 26, 1889, Tiffany assigned and

transferred all his right and interest in said notes to James Frazer, and gave notice to Seymour of the transfer. James Frazer had indorsed for Tiffany a note for $3,107.82 to the complainant in this case, and also a note for $2,012.20 to the Union Trust Company of Chicago; and the assignment by Tiffany of his interest in the four notes was to secure Frazer on these indorsements, and to enable him, with the proceeds of the Potts notes, to pay the notes of Tiffany to complainant and the Trust Company. It is alleged that, after the notice to Seymour of such transfer to Frazer, Seymour gave Frazer to understand that he would account to him when he should discount or collect the notes.

July 27, 1889, Frazer drew a draft on Seymour for $3,250, conditioned to be paid to complainant out of the interest previously held in the notes by Tiffany, which had been assigned to Frazer, when collected. The draft was sent to the First National Bank of Manistee for presentation to Seymour for acceptance. Seymour declined to accept the draft, giving as a reason that he had not yet settled with Tiffany. Frazer then applied to Tiffany to obtain from him an acceptance to cover complainant's claim, which Tiffany undertook to do. Tiffany went to Manistee bearing a draft drawn by James Frazer on Richard A. Seymour for the $3,250, to be paid out of the three-eighths interest formerly held by Tiffany in the proceeds of the Potts notes. The draft was drawn payable to James Frazer, who indorsed it to Tiffany, and intrusted it to him to obtain the acceptance of Seymour, and indorse it over to complainant. Tiffany applied for and obtained such acceptance from Seymour; and afterwards, on the same or the next day, falsely told Seymour that he had settled with Frazer, and paid up the Holmes and Union Trust Company claims, and that Frazer had executed an assignment of his interest to Richard A. Seymour; and he

requested Seymour to take back the accepted draft, and accept in its place a draft drawn by Tiffany to his own order for the same amount. This Seymour did by a special acceptance, as follows: "Accepted; payable out of the proceeds of the J. E. Potts notes when discounted by me." Tiffany concealed from Frazer that he had exchanged the draft given him, after its acceptance, for another, but he wrote to him that he had obtained the acceptance, and had concluded to keep it. Frazer immediately notified Seymour not to pay the draft, as it was obtained by fraud. He demanded it of Tiffany, who refused to return it. Tiffany transferred this draft to the Malcolm McDonald Lumber Company, which is not a *bona fide* holder thereof for a valuable consideration, and which claims to own the draft, and to be entitled to collect it, and refuses to deliver it up on demand of complainant. Richard A. Seymour declines to pay the complainant's demand, alleging as one of his reasons that the Malcolm McDonald Lumber Company holds his accepted draft, and he fears that in law he is liable to pay it the same. Seymour also claims that, before the assignment by Tiffany to Frazer, Tiffany assigned the same interest, to the amount of $4,000, to Seymour, as security for an indebtedness of Tiffany to Antoine A. Cartier, of Ludington, and that he (Seymour) has paid the same to Cartier. October 1, 1889, James Frazer assigned this claim of $3,250 to complainant, and December 28, 1889, assigned the balance to the Union Trust Company, which is made a co-complainant by a supplemental petition attached to the original bill of complaint.

The bill seeks to obtain from Seymour an accounting of the proceeds of the Potts notes, and of the three-eighths interest originally belonging to Herbert A. Tiffany. It seeks to quash the claim which the McDonald Lumber Company is making to the $3,250 draft, which belongs to complainant, and to have the same surrendered to him.

The court is asked to investigate the fraud practiced by Tiffany in obtaining the exchange of drafts, and the complicity of the Malcolm McDonald Lumber Company in seeking to obtain the benefits of this fraud. The Union Trust Company asks for an accounting, and to be paid out of the residue.

The jurisdiction of equity is claimed on several grounds:

1. That the facts are complicated, several persons being interested in a fund which is held by a trustee; that justice can best be served, and a multiplicity of actions saved, if all interested are joined in one action, which can be done only in equity.

2. That fraud is a distinctive branch of equity jurisdiction, and the remedy in equity is often concurrent with courts of common law, and always so when, owing to conflicting claims, it appears desirable to unite in an action all the features of the case and all persons implicated; that the remedy in equity is more flexible and complete; that the Malcolm McDonald Lumber Company has obtained, through the fraud of Tiffany, a draft which belongs to complainant, and only a court of equity can compel the surrender of the instrument.

3. That an accounting is required of a trustee respecting a fund which is to be distributed to several parties; that such an accounting is also a special branch of equity jurisdiction.

4. That the defendant Seymour has in his possession $3,250, which is claimed by two parties; that he might ask for an interpleader, but that it is equally competent for the complainant to bring his action against the trustee and the contesting claimant to quash the latter's claim, thus consolidating the two actions in one.

A general demurrer to the bill was interposed by the defendant the Malcolm McDonald Lumber Company on the ground that the complainant had an adequate remedy at law. The court below overruled the demurrer, and defendant McDonald Lumber Company appeals.

It is insisted that the complainant, Holmes, has a cause of action at law against Seymour, under the statements

95 Mich.—39.

made in the bill, and to which Seymour could make no possible defense, as the draft held by the McDonald Lumber Company, as shown by the bill, was accepted without consideration, and is therefore invalid in its hands.

It is apparent that the demurrer cannot be sustained. The rights of the parties cannot well be settled in a court of law. Seymour has the right to have ascertained to whom the fund belongs before being compelled to pay it over. If the defense of Seymour rested upon the sole question of the draft made to Tiffany, and assigned to the McDonald Lumber Company, there might be force in the contention made that the complainant had made a case by his allegations in the bill which should be tried at law. But the question does not rest upon that allegation alone. It is claimed by Seymour, as shown by the bill, that, before the assignment by Tiffany to Frazer, Tiffany had assigned to him (Seymour) the identical claim assigned to Frazer to secure an indebtedness to Cartier, and that Seymour had paid such indebtedness. Seymour claims, also, as alleged in the bill, a settlement of the matters of difference between himself and Tiffany, and asserts that, on such settlement of the account between them, less than $3,250 would be due from him to Tiffany. While it is true that Seymour might be estopped under the circumstances from asserting such a claim, yet we think the case made by the bill is one in which the equities between the parties cannot be properly settled in a court of law.

The decree of the court below must be affirmed, overruling the demurrer. Defendant will have 20 days in which to answer the bill.

HOOKER, C. J., McGRATH and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.